UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE DOE I, JANE DOE II, AND JANE DOE III | CIVIL ACTION NO. 16-14876 |
| VERSUS | |
| JUANA MARINE-LOMBARD, in her Official capacity as Commissioner, Louisiana Office of Alcohol and Tobacco Control | JUDGE CARL J. BARBIER  MAG. JUDGE KAREN WELLS-ROBY |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'  
MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**

Plaintiffs seek to continue employment as erotic dancers; accordingly, they can put their names on a lawsuit challenging the constitutionality of a law purportedly interfering with their right to perform erotic dancing. Simultaneously with the filing of their lawsuit challenging the constitutionality of Louisiana Act. No. 395, Plaintiffs submitted an "Ex parte Motion for Leave to Proceed Pseudonymously" (Rec. Doc. 2). In their motion, the Plaintiffs seek to conceal their real names from disclosure mainly under the grounds they will be subject to stigma if their names are revealed. Defendant, Juana Marine Lombard, in her capacity as Commissioner of the Louisiana Office of Alcohol and Tobacco Control (hereinafter "ATC" or "Defendant")[1], appears for the sole purpose of opposing Plaintiffs' Motion for Leave to Proceed Pseudonymously (Rec. Doc. 2).

---

[1] On September 22, 2016, Plaintiffs simultaneously filed their Complaint for Declaratory and Injunctive Relief (Rec. Doc. 1), Motion for Leave to Proceed Pseudonymously (Rec. Doc. 2), Motion for Leave to File Memorandum in Excess of Page Limitation and associated Motion for Preliminary Injunction and Memorandum in Support (Rec. Doc. 4), Plaintiff's' Motion for Expedited Consideration (Rec. Doc. 5), and Request for Oral Argument (Rec. Doc. 6). Defendant waived service on September 23, 2016 (Rec. Doc. 7), thereby giving Defendant 60 days to file and serve an Answer or Rule 12 Motion, unless the Court expedites the proceeding. Accordingly, at this time, Defendant is only appearing for the sole purpose of responding to Plaintiffs' non-substantive Motion for Leave to Proceed Pseudonymously, reserving the right to raise all defenses and objections to which it may be entitled.

The title of the complaint must name all of the parties.  Fed.R.Civ.P. 10(a).  This rule protects the public's legitimate interest in knowing all of the facts involved in a case, including the identities of the parties.  *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992).  Courts, of course, are public institutions that serve a public purpose.  *See, e.g., Doe v. Browngreer PLC*, No, 14-1980, 2014 WL 4404033, at *2 (E.D. La. Sept. 5, 2014) (citations omitted).  Not surprisingly then, there is a strong presumption that the proceedings and records should be subject to public scrutiny.  *See Richmond Newspapers, Inc. v. Va.*, 448 U.S. 555 (1980).  Several circuits, including the Fifth, have recognized the public has a broad right of access to court proceedings, both civil and criminal, stemming from the First Amendment.  *See e.g., Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *accord Doe v. Madison Sch. Dist. No. 321*, 147 F.3d 832, 833 n. 1 (9th Cir. 1998); *vacated on other grounds*, 177 F.3d 789 (9th Cir. 1999); *Westmoreland v. CBS, Inc.*, 752 F.2d 16, 23 (2nd Cir. 1984); *Publicker Indus., Inc. v. Cohen*, 733 F2d 1059 (3rd Cir. 1984).

Therefore, courts permit parties to proceed anonymously only in rare instances.  *Victoria W. v. Larpenter*, No. 00-1960, 2001 WL 406334, at *1 (E.D. La. April 17, 2011); *Doe v. Harris*, No. 14-0802, 2014 WL 4207599, at *2 (W.D. La. Aug. 25, 2014).  To decide whether to excuse compliance with Rule 10(a), a court must "balance[e]. . . considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Stegall*, 653 F.2d 180 at 186.  Although the Fifth Circuit has eschewed any "hard and fast formula for ascertaining whether a party may sue anonymously," it has recognized that the following factors are entitled to considerable weight:  (1) whether plaintiff is challenging governmental activity; (2) whether prosecution of the suit requires plaintiff to disclose information of the utmost intimacy; and (3) whether plaintiff is compelled to

admit her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* Only in unusual cases will the "almost universal practice of disclosure. . . give way. . . to the privacy interests at stake," but the decision is left to the discretion of the district court. *See id.* at 184, 186. In the end, the primary concern underlying the relevant factors is whether the plaintiff likely would suffer real and serious harm if she were not permitted to use a pseudonym. *Doe v. Harris*, 2014 WL 4207599, at *2 (citing *Larpenter,* 2001 WL 406334, at *2).

Examples where courts have allowed pseudonyms include cases involving abortions, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality. *Doe v. Griffon Mgmt.,* LLC, No. 14-2626, 2014 WL 7040390, at *1 (E.D. La. Dec, 11, 2014) (Africk, J.) (citing *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)). Because of the special status and vulnerability of children, the age of the plaintiff is often a consideration. *Stegal*, 653 F.2d at 186.

Here, Plaintiffs are challenging a governmental activity--namely, the constitutionality of Louisiana Act No. 395. Plaintiffs allege "Act No. 395 prohibits adults who have reached the age of majority in Louisiana but who have not yet reached the age of twenty-one from performing as erotic dancers in establishments that are licensed pursuant to Title 26 of Louisiana's Revised Statutes." (Rec. Doc. 1, ¶ 10). Significantly, the three plaintiffs are above the age of majority: Jane Doe I is twenty year of age, Jane Doe II is eighteen years of age, and Jane Doe III is nineteen years of age. (Rec. Doc. 1, ¶¶ 7, 19, 26, 33). Plaintiffs allege they feel "very comfortable" and safe in their "desired professional employment" or "preferred vocation" as erotic dancers. (Rec. Doc. 1, ¶¶ 23, 24, 31, 38, 39). Further, Plaintiffs admit they do not intend to engage in illegal behavior. (Rec. Doc. 2, p. 3). Two of the plaintiffs have already ceased erotic dancing in Baton Rouge since Act No. 395 went into effect in Baton Rouge on August 1,


2016 (Rec. Doc. 1, ¶¶ 29, 36), and the New Orleans plaintiff acknowledges she will cease erotic dancing as of October 1, 2016, when the ATC will begin enforcement in New Orleans (Rec. Doc. 1, ¶ 24). If a person, like the three plaintiffs in the instant case, simply intends to do a future act which relates to his or her professional or economic life, there is no reason to grant to him or her the privilege of anonymity in an action brought to determine the legality of that future act. *Doe v. Deschamps*, 64 F.R.D. 652 (D. Mont. 1974).

Plaintiffs' main argument for proceeding anonymously is the stigma surrounding erotic dancing falls into the category of human sexuality. Notably, however, <u>Plaintiffs self-disclose in their Complaint they do not feel stigma with being erotic dancers, and instead, are filing the lawsuit mainly for the right to dance as a means of publicly expressing themselves</u>. Jane Doe I states that she "enjoys expressing herself through dancing" (Rec. Doc. 1, ¶21) and further claims she feels very "comfortable" working in the club (Rec. Doc. 1, ¶23). Jane Doe II claims actual harm through the new law because of the "inability to express herself through erotic dance." ((Rec. Doc. 1, ¶30). As demonstrated in their Complaint, these dancers do not associate any stigma with erotic dancing, and instead, appear to believe it is something positive in their lives for which they are willing to litigate to preserve that right. Accordingly, their Motion for Leave to Proceed Pseudonymously, in which they claim stigma, contradicts the facts alleged in their Complaint--in which they assert they enjoy working as erotic dancers--and the purported reason for filing their lawsuit--namely, to preserve their ability to "publicly express themselves." Plaintiffs cannot file a lawsuit allegedly to preserve "public expression," while in the same breath seeking to proceed pseudonymously due to embarrassment and stigma.

Further, voluntary erotic dancing is not typically considered "information of the utmost intimacy."[2] Typically the "information of the utmost intimacy" standard applies to cases involving issues such as abortion and prayer and personal religious beliefs. *See Doe v. Harris*, 2014 WL 4207599, at *2 (citations omitted). Significantly, most courts faced with a request by a victim of sexual assault or harassment seeking to pursue civil actions under a pseudonym have concluded the plaintiff was not entitled to proceed anonymously. *See Rose v. Beaumont Indep., Sch. Di*st., 240 F.R.D. 264, 267 (E.D. Tex. 2007) (student who sued the school district claiming she was forced to engage in oral sex with male athletes was required to proceed under her real name); *Doe v. Bell Atl., Bus. Sys., Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) (in a sexual harassment case against an employer and supervisor, plaintiff was not permitted to proceed under a pseudonym, notwithstanding fears of "intends embarrassment and shame within her community"); *Doe v. Univ. of R.I.*, 1993 WL 667341, at *3 (D. R.I. Dec. 28, 1993) (student who was sexually assaulted was not permitted to proceed under a pseudonym, despite claims of danger, embarrassment, and ridicule).

The fact that a party may suffer some humiliation or personal embarrassment, standing alone, is insufficient to justify the use of pseudonym. *Doe v. Harris*, 2014 WL 4207599, at *3 (citing to *Frank*, 951 F.2d at 324). These plaintiffs are not minors, nor are they the victims of sexual assault or abuse, nor are they incompetent persons requiring extraordinary protection. Rather, they are women over the age of majority who have <u>voluntarily engaged in the</u>

---

[2] Plaintiffs cite *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F.Supp.3d 990, 993-94 (N.D. Cal. 2015) for the proposition that courts have recognized lawsuits brought by erotic dancers concern issues of utmost intimacy. However, that case, from the Northern District of California, appears to be one of the only reported cases granting erotic dancers the ability to proceed pseudonymously. *Compare 4 Exotic Dancers v. Spearmint Rhino*, No. 08-4038, 2009 WL 250054 (C.D.Cal. Jan. 29, 2009) (court denied anonymity to plaintiffs who were also erotic dancers on the grounds some embarrassment or economic harm is not enough to justify anonymity). Further, *SFBSC Mgmt.* is distinguishable from the case at bar as it was a collective action brought under the Fair Labor Standards Act ("FLSA") and concerned unpaid wages. In contrast, the three plaintiffs in this case voluntarily filed their lawsuit to contest the constitutionality of Act. No. 395.

employment of erotic dancing in clubs, and who have voluntarily filed this lawsuit to challenge the constitutionality of a law that seeks to raise the age of erotic dancing. In short, they want to continue to be employed as erotic dancers because of the high rate of pay compared to other jobs and their enjoyment of "expressing themselves through erotic dancing," and have filed this lawsuit in an effort to do so. (Rec. Doc. 1, ¶¶ 21, 24, 29, 30, 38). This is simply not the type of "information of utmost intimacy" the Fifth Circuit was concerned about in *Stegall* when it set forth the three factors a court should consider in allowing a plaintiff to proceed anonymously. Further, the plaintiffs have not demonstrated they will suffer real and serious harm if their identity is disclosed. As recognized by the Fifth Circuit:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger, or physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Frank,* 951 F.2d at 325.

The harm allegedly feared by Plaintiffs--embarrassment and/or stigma--is similar to the harm most plaintiffs alleging sexual abuse face[3], and yet there is no tradition of permitting those types of plaintiffs to litigate anonymously. This case does not present such an unusual situation in which the need for party anonymity outweighs the presumption of openness. Plaintiffs in this case have failed to demonstrate the alleged threat of embarrassment and/or stigma outweighs the public's interest in open judicial proceedings. Significantly, these Plaintiffs make clear in their own Complaint they have filed this lawsuit for the right to continue working as erotic dancers in order to "publicly express themselves." As stated in their own Complaint, they are voluntarily

---

[3] Arguably, Plaintiffs in the instance case will suffer much less embarrassment and stigma since they voluntarily decided to engaged in the employment of erotic dancing, as opposed to the victims of sexual abuse or assault, who decidedly do not have a say in being involved.

choosing to engage in erotic dancing and do not feel stigma or embarrassment. Since they chose to file this lawsuit in order to continue erotic dancing, they can proceed under their own names.

For the foregoing reasons, Defendant, Juana Marine Lombard, in her capacity as Commissioner of the Louisiana Office of Alcohol and Tobacco Control, respectfully requests this Court deny Plaintiffs' Motion to Proceed Pseudonymously.

Respectfully Submitted,

  s/ Renee G. Culotta
Renee G. Culotta, T.A. (LA Bar No. 24436)
Elizabeth H. Emmett (LA Bar No. 27493)
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA  70163
Telephone:     (504) 599-8000
Facsimile:      (504) 599-8100
Email:             rcullota@frilot.com

COUNSEL FOR DEFENDANT,
JUANA MARINE-LOMBARD, in her official
Official capacity as Commissioner, Louisiana
Office of Alcohol and Tobacco Control

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on all counsel of record via the Court's Electronic Filing System. This 30th day of September, 2016.

  s/ Renee G. Culotta