UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE I, JANE DOE II, and JANE DOE III** | **CIVIL ACTION 16-14876** |
| **VERSUS** | **JUDGE BARBIER** |
| **JUANA MARINE-LOMBARD,  in her official capacity as Commissioner, Louisiana Office of Alcohol and Tobacco Control** | **MAGISTRATE JUDGE ROBY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### (PROPOSED) ORIGINAL ANSWER ON BEHALF OF INTERVENOR, ATTORNEY GENERAL JEFF LANDRY, TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, comes Intervenor, Jeff Landry in his official capacity as Attorney General of the State of Louisiana who denies each and every allegation of the Complaint except as expressly admitted in this Original Answer on behalf of Intervenor, and responds as follows:

### PARTIES

### A.

The initial paragraph of the Plaintiffs' Complaint contains an introductory statement which does not require a response from the Attorney General; however, out of an abundance of caution the Attorney General denies any allegations contained in the introductory statement.

1

1.

The allegations of Paragraph 1 of the Complaint are denied for lack of information sufficient to form a response thereto.

2.

The Attorney General admits that Juana Marine-Lombard is the Commissioner of the Louisiana Office of Alcohol and Tobacco Control. The remaining allegations of Paragraph 2 of the Complaint state a legal conclusion to which no response is required.  The text of the statute is the best evidence of its contents. The remaining allegations of Paragraph 2 of the Complaint are further denied for lack of information sufficient to form a response thereto.

## JURISDICTION

3.

The Attorney General admits that 42 U.S.C. §§ 1983 and 1988 provide a statutory basis for district court jurisdiction

4.

The Attorney General admits that 28 U.S.C. §§ 1331, 1343, 1367, and 2201 provide a statutory basis for a district court to grant declaratory and injunctive relief.

5.

The allegations of Paragraph 5 of the Complaint are denied.

## NATURE OF THIS ACTION

6.

The Attorney General admits that this is an action for declaratory and injunctive relief.

2

The remaining allegations of Paragraph 6 of the Complaint are denied.

## FACTUAL ALLEGATIONS

### Act No. 395

7.

The allegation of Paragraph 7 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation of Paragraph 7 is denied, as the text of the statute is the best evidence of its contents.

8.

The allegations of Paragraph 8 of the Complaint are admitted.

9.

The allegations of Paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 9 are denied, as the text of Act 395 is the best evidence of its contents.

10.

The allegations of Paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 10 are denied, as the text of Act 395 is the best evidence of its contents.

11.

The Attorney General admits that Senator Ronnie Johns is the author of Act No. 395. The remaining allegations of Paragraph 11 of the Complaint are denied for lack of information sufficient to form a response thereto.

12.

The allegations of Paragraph 12 of the Complaint are denied for lack of information sufficient to form a response thereto.

13.

The allegations of Paragraph 13 of the Complaint are denied for lack of information sufficient to form a response thereto.

14.

The allegations of Paragraph 14 of the Complaint are denied for lack of information sufficient to form a response thereto.

15.

The allegations of Paragraph 15 of the Complaint are denied for lack of information sufficient to form a response thereto.

16.

The allegations of Paragraph 16 of the Complaint are denied for lack of information sufficient to form a response thereto.

17.

The allegations of Paragraph 17 of the Complaint are admitted.

18.

The allegations of Paragraph 18 of the Complaint are denied for lack of information sufficient to form a response thereto.

**<u>Plaintiff Jane Doe 1</u>**

19.

The allegations of Paragraph 19 of the Complaint are denied for lack of information sufficient to form a response thereto.

20.

The allegations of Paragraph 20 of the Complaint are denied for lack of information sufficient to form a response thereto.

21.

The allegations of Paragraph 21 of the Complaint are denied for lack of information sufficient to form a response thereto.

22.

The allegations of Paragraph 22 of the Complaint are denied for lack of information sufficient to form a response thereto.

23.

The allegations of Paragraph 23 of the Complaint are denied for lack of information sufficient to form a response thereto.

24.

The allegations of Paragraph 24 of the Complaint are denied for lack of information sufficient to form a response thereto.

25.

The allegations of Paragraph 25 of the Complaint are denied for lack of information sufficient to form a response thereto.

**Plaintiff Jane Doe 2**

26.

The allegations of Paragraph 26 of the Complaint are denied for lack of information sufficient to form a response thereto.

27.

The allegations of Paragraph 27 of the Complaint are denied for lack of information sufficient to form a response thereto.

28.

The allegations of Paragraph 28 of the Complaint are denied for lack of information sufficient to form a response thereto.

29.

The allegations of Paragraph 29 of the Complaint are denied for lack of information sufficient to form a response thereto.

30.

The Attorney General specifically denies that Act 395 is vague.  The remaining allegations of Paragraph 30 of the Complaint are denied for lack of information sufficient to form a response thereto.

31.

The allegations of Paragraph 31 of the Complaint are denied for lack of information sufficient to form a response thereto.

32.

The allegations of Paragraph 31 of the Complaint are denied for lack of information

sufficient to form a response thereto.

**Plaintiff Jane Doe III**

33.

The allegations of Paragraph 33 of the Complaint are denied for lack of information sufficient to form a response thereto.

34.

The allegations of Paragraph 34 of the Complaint are denied for lack of information sufficient to form a response thereto.

35.

The allegations of Paragraph 35 of the Complaint are denied for lack of information sufficient to form a response thereto.

36.

The allegations of Paragraph 36 of the Complaint are denied for lack of information sufficient to form a response thereto.

37.

The Attorney General specifically denies that Act 395 lacks clarity or contains vaguely drafted restrictions on attire for eighteen-, nineteen- and twenty-year old adults working in establishments that are licensees pursuant to Title 26 of Louisiana's Revised Statutes. The remaining allegations of Paragraph 37 of the Complaint are denied for lack of information sufficient to form a response thereto.

38.

The allegations of Paragraph 38 of the Complaint are denied for lack of information

sufficient to form a response thereto.

39.

The allegations of Paragraph 39 of the Complaint are denied for lack of information sufficient to form a response thereto.

## COUNT I.

40.

The Attorney General hereby incorporates Paragraphs 1-39 as if copied *in extenso*.

41.

The allegations of Paragraph 42 of the Complaint are denied for lack of information sufficient to form a response thereto.

42.

The allegations of Paragraph 42 of the Complaint purport to summarize 42 U.S.C. § 1983 and the First Amendment which are legal conclusions which do not require a response. To the extent that a response is required, the allegations of Paragraph 42 are denied, as 42 U.S.C. § 1983 and the First Amendment are the best evidence of their content.

43.

The allegations of Paragraph 43 of the Complaint purport to state the content of La. Const. art. I, § 7 which does not require a response.  To the extent that a response is required, the allegation of Paragraph 43 is denied, as La. Const. art. I, § 7 is the best evidence if its contents.

44.

The allegations of Paragraph 44 of the Complaint are legal conclusions to which no response

8

is required. To the extent that a response is required, the allegations of Paragraph 44 are denied, as the jurisprudence cited is the best evidence of its content.

45.

The allegations of Paragraph 45 of the Complaint are denied.

46.

The allegations of Paragraph 46 of the Complaint do not require a response as they consist of the relief sought by the Plaintiffs.   To the extent that a response is required, the allegations of Paragraph 46 are denied.

**COUNT II.**

47.

The Attorney General hereby incorporates Paragraphs 1 through 46 as if copied *in extenso.*

48.

The allegations of Paragraph 48 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 48 are denied, as the jurisprudence cited is the best evidence of its content.

49.

The allegations of Paragraph 49 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 49 are denied, as the jurisprudence cited is the best evidence of its content.

50.

The allegations of paragraph 50 of the Complaint are denied.

51.

The allegations of Paragraph 51 of the Complaint do not require a response as they consist of the relief sought by the Plaintiffs.  To the extent that a response is required, the allegations of Paragraph 51 are denied.

## COUNT III.

52.

The Attorney General hereby incorporates Paragraphs 1 through 51 as if copied *in extenso.*

53.

The allegations of Paragraph 53 of the Complaint purport to interpret and characterize the Fourteenth Amendment to the United States Constitution which is a legal conclusion to which no response is required. To the extent that a response is required, the allegations of Paragraph 53 are denied, as the Fourteenth Amendment is the best evidence of its content.

54.

The allegations of Paragraph 54 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 54 are denied, as the jurisprudence cited is the best evidence of its content.

55.

The allegations of Paragraph 55 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 55 are denied, as the jurisprudence cited is the best evidence of its content.

56.

The allegations of Paragraph 56 of the Complaint are denied.

10

57.

The allegations of Paragraph 57 of the Complaint are denied.

58.

The allegations of Paragraph 58 of the Complaint do not require a response as they consist of the relief sought by the Plaintiffs.  To the extent that a response is required, the allegations of Paragraph 58 are denied.

## **COUNT IV**

59.

The Attorney General hereby incorporates Paragraphs 1 through 58 as if copied *in extenso*.

60.

The allegations of Paragraph 60 of the Complaint purport to interpret and characterize the Fourteenth Amendment to the United States Constitution stating a legal conclusion to which no response is required.  To the extent that a response is required, the allegations of Paragraph 53 are denied, as the Fourteenth Amendment is the best evidence of its content.

61.

The allegations of Paragraph 61 of the Complaint are denied.

62.

The allegations of Paragraph 62 of the Complaint are denied.

63.

The allegations of Paragraph 63 of the Complaint do not require a response as they consist of the relief sought by the Plaintiffs.  To the extent that a response is required, the allegations of

Paragraph 63 are denied.

## COUNT V

64.

The Attorney General hereby incorporates Paragraphs 1 through 63 as if copied *in extenso*.

65.

The allegations of Paragraph 65 of  the  Complaint quotes a portion of La. Const. art. I, § 3 to which no response is required.  To the extent that a response is required, the allegations of Paragraph 65 are denied, as the full text of La. Const. art. I, §3 is the best evidence if its contents.

66.

The allegations of Paragraph 66 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 66 are denied, as the jurisprudence cited is the best evidence of its content.

67.

The allegations of Paragraph 67 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 67are denied, as the jurisprudence cited is the best evidence of its content.

68.

The allegations of Paragraph 68 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 68 are denied, as the jurisprudence cited is the best evidence of its content.

69.

The allegations of Paragraph 69 of the Complaint are denied.

70.

The allegations of Paragraph 70 of the Complaint are denied.

71.

The allegations of Paragraph 71 of the Complaint do not require a response as they consist of the relief sought by the Plaintiffs.  To the extent that a response is required, the allegations of Paragraph 71 are denied.

**<u>COUNT VI</u>**

72.

The Attorney General hereby incorporates Paragraphs 1 through 72 as if copied *in extenso.*

73.

The allegations of Paragraph 73 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 73 are denied, as the jurisprudence cited is the best evidence of its content.

74.

The allegations of Paragraph 74 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 74 are denied, as the jurisprudence cited is the best evidence of its content.

75.

The allegations of Paragraph 75 of the Complaint are denied

13

76.

The allegations of Paragraph 76 of the Complaint are denied.  Moreover, the jurisprudence cited is the best evidence of its content.

77.

The allegations of Paragraph 77 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, the allegations of Paragraph 77 are denied, as Act 395 is the best evidence of its own contents.

78.

The allegations of Paragraph 78 of the Complaint are denied.

79.

The allegations of Paragraph 79 of the Complaint do not require a response as they consist of the relief sought by the Plaintiffs.  To the extent that a response is required, the allegations of Paragraph 79 are denied.

**COUNT VII**

80.

The Attorney General hereby incorporates Paragraphs 1 through 79 as if copied *in extenso*.

81.

The allegations of Paragraph 81 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 81 are denied, as the text of the Fourteenth Amendment and the jurisprudence cited is the best evidence of its content.

14

82.

The allegations of Paragraph 82 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, the allegations of Paragraph 82 are denied, as the jurisprudence cited is the best evidence of its content.

83.

The allegations of Paragraph 83 of the Complaint are denied.

84.

The allegations of Paragraph 84 of the Complaint do not require a response as they consist of the relief sought by the Plaintiffs.  To the extent that a response is required, the allegations of Paragraph 84 are denied.

**COUNT VIII**

85.

The Attorney General hereby incorporates Paragraphs 1 through 84 as if copied *in extenso*.

86.

Paragraph 86 of the Plaintiffs' Complaint quotes a portion of Article I, § 10 of the U.S. Constitution to which no response is required.  To the extent that a response is required, the allegations of Paragraph 86 are denied, as the full text of Article I, § 10 of the United States Constitution is the best evidence if its contents.

87.

The allegations of Paragraph 87 of the Complaint purport to state the contents of La. Const. art. I, § 23 and do not require a response.  To the extent that a response is required, the allegations of Paragraph 87 are denied, as La. Const. art. I, § 23 is the best evidence if its contents.

15

88.

The allegations set forth in Paragraph 88 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 88 are denied, as the jurisprudence cited is the best evidence of its content.

89.

The allegations of paragraph 89 of the Complaint are denied

90.

The allegations of paragraph 90 of the Plaintiffs' Complaint are denied.

91.

The allegations of Paragraph 91 of the Complaint do not require a response as they consist of the relief sought by the Plaintiffs. To the extent that a response is required, the allegations of Paragraph 91 are denied.

The prayer of relief does not require a response; however, to the extent that a response is required, the allegations are denied.

**In further answering Plaintiffs' Complaint, the Attorney General submits the following defenses:**

92.

The Attorney General has intervened for the sole purpose of defending the constitutionality of La. R.S. 26:90(E) and La. R.S. 26:286(E). The Attorney General does not enforce or cause any other state actor to enforce the provisions of Act 395.

16

93.

The Plaintiffs are not entitled to injunctive relief because they cannot establish that they will suffer an irreparable injury.

94.

Plaintiffs are not entitled to injunctive relief because they cannot establish that remedies available at law, such as monetary damages, are inadequate to compensate for their alleged injury.

95.

Plaintiffs are not entitled to injunctive relief because they are unlikely to succeed on the merits whereas Intervenor and Defendant are likely to succeed on the merits.

96.

Plaintiffs' claims fail because they are unable to establish that there are no set of circumstances under which Act 395 would be valid.

97.

Additional defenses may not be alleged herein due to the unavailability of all of the facts, after reasonable inquiry, necessary to determine what additional defenses may be available, and therefore, the Attorney General reserves the right to amend his Answer to allege additional defenses

**WHEREFORE,** Intervenor, Jeff Landry in his official capacity as Attorney General of the State of Louisiana prays that the Original Answer On Behalf Of Intervenor, Attorney General Jeff Landry To Complaint For Declaratory And Injunctive Relief be deemed good and sufficient, and after due proceedings the demands of Plaintiffs be dismissed with prejudice at Plaintiffs' costs.

RESPECTFULLY SUBMITTED,

**JEFF LANDRY**
ATTORNEY GENERAL

BY
_____/s/ Emily G. Andrews _____
Elizabeth Murrill (La. Bar Roll No. 20685)
Solicitor General
Emily G. Andrews (La. Bar Roll No. 31017)
Madeline S. Carbonette (La. Bar Roll No. 3873)
Assistant Attorneys General
Louisiana Department of Justice
Civil Division
P. O. BOX 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6026
Facsimile: (225) 326-6098
Email: murrill@ag.louisiana.gov
    andrewse@ag.louisiana.gov
    carbonettem@ag.louisiana.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2016, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system which gives notice of this filing to all counsel of record by operation of the Court's electronic filing system at the following addresses:

Harry Rosenberg (harry.rosenberg@phelps.com) Jeremy T. Grabill (jeremy.grabill@phelps.com)
Lindsay Calhoun (lindsay.calhoun@phelps.com) Renee Gluth Culotta (rculotta@frilot.com)
Elizabeth Harper Emmett (eemmett@frilot.com)

__/s/ Emily G. Andrews _____
Emily G. Andrews

18