UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER ENGLAND                         CIVIL ACTION

VERSUS                                      NO: 16-14876

ADMINISTRATORS OF THE TULANE                SECTION: "J" (4)
EDUCATIONAL FUND

<u>**ORDER AND REASONS**</u>

Before the Court is a *Motion to Transfer Venue* **(R. Doc. 12)**
filed by Defendant, Juana Marine-Lombard, in her Official Capacity
as Commissioner, Louisiana Office of Alcohol and Tobacco Control
(Defendant), and an *Opposition* thereto **(R. Doc. 20)** filed by
Plaintiffs, Jane Doe I, Jane Doe II, and Jane Doe III (Plaintiffs).
Having considered the motion and legal memoranda, the record, and
the applicable law, the Court finds that the motion should be
**DENIED**.

<u>**FACTS AND PROCEDURAL BACKGROUND**</u>

This litigation arises from an Act passed by the Louisiana
legislature and signed into law by the governor of Louisiana, John
Bel Edwards.  On or about June 5, 2016, Governor Edwards signed
into law Act No. 395.  Act No. 395 amended and reenacted two
statutes, La. Rev. Stat. 26:90(E) and 286(E), by introducing age-
based restrictions to the statutes.  The newly amended language in
both statutes reads as follows:

1

> Subject to the provisions of Subsection D of this
> Section, entertainers whose breasts or buttocks are
> exposed to view shall perform only upon a stage at least
> eighteen inches above the immediate floor level and
> removed at least three feet from the nearest patron and
> shall be twenty-one years of age or older.

La. Rev. Stat. § 26:90(E) and 286(E) (effective Aug. 1, 2016).

Plaintiffs' complaint alleges that the effect of the amendment was

to create an age restriction for erotic dancing that did not

previously exist. The complaint further alleges that prior to

enactment of Act No. 395, a person only needed to be eighteen years

old to be an erotic dancer.

Act No. 395 became effective on August 1, 2016.  The Louisiana

Office of Alcohol and Tobacco Control (ATC), the agency tasked

with enforcing Act No. 395, began enforcing the Act throughout

Louisiana, except for the City of New Orleans (New Orleans).

Instead, the ATC planned to begin enforcing Act No. 395 in New

Orleans on October 1, 2016.

Three erotic dancers[1] who are under the age of twenty-one but

older than eighteen filed a complaint on September 22, 2016 against

Juana Marine-Lombard, in her Official Capacity as Commissioner,

Louisiana Office of Alcohol and Tobacco Control requesting

injunctive and declaratory relief.  (R. Doc. 1, at 19).  All three

Plaintiffs are women who are residents of Louisiana and who were

employed as erotic dancers prior to the enforcement of Act No.

---

[1] Plaintiffs filed a *Motion to Proceed Pseudonymously* (R. Doc. 2) which is
currently pending before this Court.

395.   The Plaintiffs are twenty, nineteen, and eighteen years of age, respectively.   Two of the three Plaintiffs reside in New Orleans, and one Plaintiff is a resident of Baton Rouge.   Two of the Plaintiffs were employed as erotic dancers in Baton Rouge. These Plaintiffs allege that when Act No. 395 became effective on August 1, 2016, they were forced to stop working as erotic dancers, and instead worked as "shot girls," which the Plaintiffs allege is a less lucrative position.   One of the Plaintiffs is employed as an erotic dancer in New Orleans.

Plaintiffs' complaint alleges that Act No. 395 violates the First and Fourteenth Amendments to the United States Constitution and Article I, § 2 and § 3 of the Louisiana Constitution.   The complaint also alleges that Act No. 395 violates Plaintiffs' rights to contract under Article I, § 10(1) of the United States Constitution and Article I, § 23 of the Louisiana Constitution. Plaintiffs bring a facial challenge to the constitutionality of Act No. 395 and request a declaration that Act No. 395 violates the United States and Louisiana Constitutions.   Plaintiffs also filed a *Motion for Preliminary Injunction* (R. Doc. 4-2) and *Motion for Expedited Consideration* (R. Doc. 5) requesting that the Court grant a preliminary injunction precluding Defendant from enforcing Act No. 395 in New Orleans.   Construing the *Motion for Preliminary Injunction* (R. Doc. 4-2) as a request for a Temporary Restraining Order, this Court temporarily restrained Defendant from enforcing

3

Act No. 395 anywhere within the state of Louisiana pending further Order of this Court on September 30, 2016.  (R. Doc. 10, at 2).

On October 5, 2016, Defendant filed the instant *Motion to Transfer Venue* **(R. Doc. 12)**, requesting the Court to transfer the action to the United States District Court for the Middle District of Louisiana (Middle District).  Plaintiffs filed an *Opposition* thereto on October 18, 2016.  (R. Doc. 20).  The motion is now before the Court on the briefs and without oral argument.

## DISCUSSION

Defendant requests a transfer to the Middle District pursuant to 28 U.S.C. § 1404(a).  This statute provides the Court with discretion to transfer any civil action to another district "for the convenience of the parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  District courts have broad discretion when making this determination.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (*Volkswagen II*).  The party requesting a venue transfer must make a threshold showing that venue is proper in the transferee venue,[2] and also must show "good cause" for the transfer.  28 U.S.C. § 1404(a); *Volkswagen II*, 545 F.3d at 315 n.10.  Good cause exists when the movant demonstrates that the requested venue is "clearly more convenient" than the venue chosen by the plaintiff.  *Id.* at 315.

---

[2] Plaintiffs do not dispute that the Middle District would be a proper venue for this action.  The dispute here is whether Defendant has established good cause for transfer to the Middle District.

But "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.*

Therefore, the relevant inquiry is whether the requested venue, here the Middle District, is clearly more convenient than the Eastern District.  To determine the relative convenience of the venues, the Fifth Circuit has adopted a list of private and public interest factors to be weighed. *Volkswagen II*, 545 F.3d at 315 (adopting factors first articulated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1949) in the context of *forum non conveniens*).  The private interest factors are:

> (1) the relative ease of access to sources of proof;
> (2) the availability of compulsory process to secure the attendance of witnesses;
> (3) the cost of attendance for willing witnesses; and
> (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Volkswagen II*, 545 F.3d at 315 (line breaks added).  The public interest factors are:

> (1) the administrative difficulties flowing from court congestion;
> (2) the local interest in having localized interests decided at home;
> (3) the familiarity of the forum with the law that will govern the case; and
> (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* (brackets in original) (line breaks added).  These factors are "not necessarily exhaustive or exclusive," and none are dispositive.  *Id.*  The Court will address each in turn.

### Private Interest Factors

Defendant points to a number of facts supporting her argument in favor of transfer.  First, Defendant, who is the Commissioner of the agency responsible for enforcing Act No. 395, works in the

ATC headquarters located in Baton Rouge.  Additionally, two of the three Plaintiffs work in Baton Rouge clubs, and one of the Plaintiffs resides in Baton Rouge.  Defendant also notes that the Louisiana Legislature enacted Act No. 395 in Baton Rouge.

The fact that Act No. 395 was passed in Baton Rouge is unlikely to appreciably affect the access to sources of proof. When analyzing access to sources of proof, courts look to which party is most likely to have the bulk of relevant documents, and therefore which venue is most likely to contain the documents. *Broussard v. First Tower Loan, LLC.*, 135 F. Supp. 3d 540, 546 (E.D. La. 2015).  Defendant avers that all of the documentary evidence regarding the enactment of Act No. 395 is located in the Middle District.  Plaintiffs counter that they present a purely legal challenge in this case, and therefore do not intend to request an evidentiary hearing, seek discovery from Defendant, or call any Louisiana state officials as witnesses.  Accordingly, access to the documentary evidence does not appear important in this case, and this factor is neutral.

Neither does the private interest of availability of compulsory process weigh in favor of transfer.  Defendant argues that because so many of the potential witnesses reside or work in Baton Rouge, transfer to the Middle District would be more convenient and less costly for the witnesses.  Indeed, the venue with "absolute subpoena power for both deposition and trial" is

the preferred venue. *See Volkswagen II*, 545 F.3d at 316. Federal Rule of Civil Procedure 45(c)(1) provides that a subpoena may require attendance of a "trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." All the potential witnesses mentioned by Defendant reside or work in the Baton Rouge area. Because Baton Rouge is less than 100 miles from the Eastern District, these potential witnesses would be subject to compulsory process. As such, this factor does not weigh in favor of transfer. *See Fund for Louisiana's Future v. La. Bd. of Ethics*, No. 14-0368, 2014 WL 1514234, at *13 (E.D. La. Apr. 16, 2014) (noting that the Middle District and Eastern District are "only 82 miles apart" as a reason for denying a motion to transfer venue).

Moreover, the cost of attendance of willing witnesses is not a factor in this analysis because Defendant has not specifically identified any nonparty witnesses who may be subject to excess cost in the current venue. While the costs of nonparty witnesses is an important factor, the burden is on the party moving for transfer to "specifically identify the key witnesses and outline the substance of their testimony." *Broussard*, 135 F. Supp. 3d. at 547 (internal citations omitted). Defendant has not identified any nonparty witnesses. This factor does not weigh in favor of transfer.

7

The final private interest factor, which takes into consideration "practical problems" with the current venue, does not appear to be present here.  Defendant makes a vague reference to transfer to the Middle District being less costly for the Plaintiffs.  But because only one of the Plaintiffs resides in Baton Rouge and the other two reside in New Orleans, it is not clear how transfer to the Middle District would result in less costly adjudication.  Thus, this is a neutral factor.

### Public Interest Factors

The first factor, court congestion, does not strongly weigh in favor of transfer.  Defendant does not assert that the adjudication process is likely to move more quickly in the Middle District, but does point to some data suggesting that on the aggregate, Middle District judges have significantly fewer civil actions pending than the judges of the Eastern District.  However, this public interest factor is more speculative than other factors and should not alone outweigh other factors.  *See Broussard*, 135 F. Supp. 3d at 548.  Because there is no strong indication that this case would move more quickly in the Middle District, this factor is neutral.

The second factor is the local interest in having localized interests decided at home.  Defendant asserts that the Middle District has a greater interest in resolving claims that arise in its district without explaining the nature of this heightened

interest.  It is true that Act No. 395 was passed in Baton Rouge, and that the agency tasked with enforcing the Act also has its main office in Baton Rouge.  But the Eastern District has at least as great an interest in resolving this case.  Plaintiffs point out that most adult entertainment venues in Louisiana are located in New Orleans, and two of the three Plaintiffs in this case reside in New Orleans. *See McNiece v. Jindal*, No. 97-2421, 97 WL 767665, at *2 (E.D. La. Dec. 9, 1997) (stating, in a denial of a motion to dismiss for improper venue, that "[The governor] should be apprised that his decisions and their enforcement have effects throughout the State of Louisiana, not just in the Middle District where his office is located").  Thus, this factor is neutral.

The final two public interest factors are not present in this case.  The Middle and Eastern Districts are equally familiar with the law governing this case, and the parties have not raised a conflict of laws issue.  Therefore, the Court concludes that Defendant has failed to demonstrate that the private and public interest factors weigh in favor of transfer to the Middle District. The Middle District is not clearly more convenient than the Eastern District.  Thus, the case will remain in the Eastern District.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Transfer Venue*

**(R. Doc. 12)** is **DENIED.**

New Orleans, Louisiana this 4th day of November, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE